IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | Civil Action No. _____ |
| Plaintiff, | ) ) | COMPLAINT |
| v. | ) ) | **JURY TRIAL DEMANDED** |
| VENTURA CORPORATION LIMITED, | ) ) | |
| Defendant. | ) ) | |

## NATURE OF ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*. ("Title VII"), and Title I of the Civil Rights Act of 1991, 42 U.S.C. §1981a, to correct unlawful employment practices on the basis of sex (male) and protected activity, and to provide appropriate relief to Erick Zayas and a class of internal and external male applicants who were adversely affected by such practices. The United States Equal Employment Opportunity Commission ("Commission" or "Plaintiff") alleges that Ventura Corporation Limited ("Ventura" or "Defendant") discriminated against Mr. Zayas by denying him a position as Zone Manager and/or Support Manager on the basis of his sex and retaliated against him because he filed a charge of discrimination and thereafter continued to object to and complain about discriminatory practices. The Commission further alleges that, since at least 2004, Defendant engaged in an on-going pattern or practice of sex discrimination against males seeking Zone Manager or Support Manager positions.

## JURISDICTION AND VENUE

1.	Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3), Section 707 of Title VII, 42 U.S.C. § 2000e-6, and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.	The employment practices alleged to be unlawful herein were committed within the jurisdiction of the United States District Court for the District of Puerto Rico.

## PARTIES

3.	The Commission is an Agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3), and Section 707 of Title VII, 42 U.S.C. § 2000e-6.

4.	Ventura is a wholesaler of make-up, beauty products, jewelry and other personal care items to retail sellers.  At all relevant times, Ventura has continuously done business in Puerto Rico, and has continuously had at least fifteen employees.

5.	At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 701(b), (g), and (h) of Title VII, 42 U.S.C. § 2000e (b), (g), and (h).

## ADMINISTRATIVE PROCEEDINGS

6. More than thirty days prior to the institution of this lawsuit, Mr. Zayas filed a charge of discrimination with the Commission alleging violations of Title VII by Ventura. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF FACTS

### Erick Zayas

7. Erick Zayas ("Mr. Zayas") began working for Ventura in March, 2004, as a Collector in the collections department.

8. Ventura also had a sales department, largely made up of Zone Manager and Support Manager positions. Zone Managers were responsible for, among other things, establishing a network of consultants in each of their assigned geographic areas and for selling/distributing the company's products to consultants, who in turn, engage in the retail sale of those products to customers. Support Managers are assigned to zones to assist with consultant engagement and recruitment.

9. Mr. Zayas expressed interest in a Zone Manager or Support Manager position to supervisors in the collections department, who told him that those positions were only held by women.

10. In July, 2007, there were several vacancies announced for Support Manager and Zone Manager positions. Mr. Zayas called Maria Mojica, Regional Manger and left her a voicemail, telling her he was interested in applying for one of those positions. He did not receive any response from her and was not considered for any of those vacancies.

11. After not receiving any response from Ms. Mojica, Mr. Zayas spoke to Jesika Ruiz Rosado, Ventura's Human Resources and Administrative Director. Mr. Zayas told Ms. Ruiz he was interested in applying for one of the open Support Manager or Zone Manager positions. She responded by laughing at him and telling him that those positions were only for women.

12. Despite Mr. Zayas' express interest in applying for a Zone Manager or Support Manager position, he was discouraged and prevented from applying for the position.

13. On July 30, 2007, Mr. Zayas filed a charge of discrimination with the Commission alleging discrimination based on sex.

14. In July, 2007, Ventura hired only women to fill positions as Zone Managers and Support Managers.

15. In August, 2007, shortly after Mr. Zayas filed the charge of discrimination, Ventura placed him into a Zone Manager position without asking him to submit a written application for or interviewing him for the position, both of which are required by Ventura's hiring policy for intra-company transfers.

16. Prior to transferring Mr. Zayas into a Zone Manager position, all Zone Manager and Support Manager positions at Ventura were held or filled by women.

17. Although Mr. Zayas was placed into a Zone Manager position, Ventura purposefully assigned him to a zone with known problems.

18. Ventura then subjected Mr. Zayas to different disciplinary standards as compared to female Zone Managers, while also providing him with less resources than female Zone Managers.

19. When Mr. Zayas spoke to Blanca Barragan, Regional Manager, about receiving less assistance than female Zone Managers, she said, "If you're such a man, you can do it without help."

20. Mr. Zayas filed a second charge of discrimination with the Commission on July 22, 2008, alleging that Ventura's on-going discriminatory conduct was retaliation against him for filing the first charge of discrimination on July 30, 2007.

21. On October 15, 2008, Mr. Zayas sent an email to several top officials in the company, including Ms. Ruiz, Ms. Mojica, and German Ramirez, Ventura's President, in which he objected to and complained about the discriminatory and retaliatory conduct that continued to be directed towards him.

22. Five days later, on October 20, 2008, Ventura terminated Mr. Zayas' employment.

23. As a direct and proximate result of Ventura's policies, practices and conduct, Mr. Zayas suffered degradation, humiliation, mental anguish, emotional distress, loss of the capacity for the enjoyment of life and loss of earnings.

### Other Male Applicants

24. Ventura sought and received applications for vacant Zone Manager and/or Support Manager positions since 2004, and those applications included applications from men seeking Zone Manager and/or Support Manager positions.

25. Consistent with Ventura's Human Resources and Administrative Director's statement to Mr. Zayas, Ventura had a practice of only hiring women for Zone Manager and Support Manager positions.

26. Ventura did not hire males to fill vacant and available Zone Manager and Support Manager positions from 2004 to 2008. Ventura may have continued to refuse to hire men as Zone Manager and/or Support Manager after 2008.

27. Ventura's policy and practice of only hiring women for Zone Manager and Support Manager positions has deterred and/or prevented men from applying for these positions.

28. As a result of its discriminatory hiring practices, Ventura has maintained a workforce that under-represents men in Zone Manager and Support Manager positions since at least 2004.

## STATEMENT OF CLAIMS

29. Paragraphs 1 through 28 are incorporated herein. Since at least 2004, Ventura has subjected a class of aggrieved internal and external male job applicants in Puerto Rico, and a class of males who were deterred or prevented from applying for Zone Manager or Support Manager positions, to an ongoing pattern or practice of discriminatory failure to hire such persons because of their sex (male), in violation of Section 703 Title VII, 42 U.S.C. §2000e-2. In this regard, Ventura has used, and continues to use, gender as a criterion for hiring, the effect of which has been to discriminate against males for Zone Manager and Support Manager positions, to deprive males of equal employment opportunities and to otherwise adversely affect their status as applicants because of their sex.

30.     Paragraphs 1 through 28 are incorporated herein.  Ventura engaged in unlawful employment practices in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a), by denying Mr. Zayas a Zone Manager and Support Manager position because of his sex in July, 2007.

31.     Paragraphs 1 through 6 and 14 through 28 are incorporated herein.  Ventura engaged in unlawful employment practices in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a), by retaliating against Mr. Zayas for his protected activities, including but not limited to, subjecting him to different disciplinary standards as compared to female Zone Managers, while also providing him with less resources than female Zone Managers, and terminating him from employment.

32.     The effect of practices complained of in paragraphs 1 to 28 has been to deprive Mr. Zayas of equal employment opportunities and to otherwise adversely affect his status as an employee because of his sex and/or because he filed a charge of discrimination and complained of discrimination.

33.     The unlawful employment practices complained of in paragraphs 1 to 28 were intentionally done with malice and/or reckless indifference to the federally protected rights of Mr. Zayas, male applicants for Zone Manager and Support Manager positions, and males who were deterred or prevented from applying for Zone Manager or Support Manager positions.

**PRAYER FOR RELIEF**

WHEREFORE, the Commission respectfully requests that this Court:

34. Grant a permanent injunction enjoining Ventura, its officers, successors, assigns and all persons in active concert or participation with it, from engaging in employment practices which discriminate on the basis of sex by rejecting male applicants on the basis of their sex for Zone Manager or Support Manager positions, and by deterring and preventing males from applying for Zone Manager or Support Manager positions;

35. Grant a permanent injunction enjoining Ventura, its officers, successors, assigns and all persons in active concert or participation with it, from retaliating against employees for engaging in conduct protected by Section 704(a) of Title VII, including but not limited to filing charges of discrimination and complaining of unlawful employment practices;

36. Order Ventura to institute and carry out policies, practices, and programs which provide equal employment opportunities for males, and which eradicate the effects of its past and present unlawful employment practices;

37. Order Ventura to make whole Erick Zayas, a class of unsuccessful male applicants, and a class of males who were deterred or prevented from applying by providing appropriate back pay with pre-judgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstating Erick Zayas or awarding front pay if not feasible, and hiring male class members;

38. Order Ventura to make whole Erick Zayas, a class of unsuccessful male applicants, and a class of males who were deterred or prevented from applying by providing compensation for past and future nonpecuniary losses resulting from the unlawful employment practices complained of in paragraphs 1 to 28 above, including emotional and physical pain, suffering and mental anguish, in amounts to be determined at trial;

39. Order Ventura to pay Erick Zayas, a class of unsuccessful male applicants, and a class of males who were deterred or prevented from applying punitive damages for its malicious and reckless conduct, as described in paragraphs 1 to 28 above, in amounts to be determined at trial; and/or

40. Grant such other further relief as the Court deems necessary and proper in the public interest; and

41. Award the Commission its costs in this action.

## JURY TRIAL DEMANDED

The Commission requests a jury trial on all questions of fact raised by its complaint.

Dated: July 19, 2011

    Respectfully submitted,

    P. DAVID LOPEZ  
    General Counsel  
    JAMES L. LEE  
    Deputy General Counsel  
    GWENDOLYN YOUNG REAMS  
    Associate General Counsel  
    U.S. Equal Employment  
    Opportunity Commission  
    131 M Street, N.E.  
    Washington, D.C.  20507

ROBERT WEISBERG
Regional Attorney
Florida Bar No.: 285676

KIMBERLY McCOY-CRUZ
Supervisory Trial Attorney
Florida Bar No.: 153729

_____
BEATRIZ BISCARDI
Trial Attorney
Government Attorney No.: G01215
U.S. Equal Employment
Opportunity Commission
Miami District Office
Two South Biscayne Blvd., Suite 2700
Miami, Florida 33131
Tel: 305-808-1753
Fax: 305-808-1835
beatriz.biscardi@eeoc.gov