**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO**

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>ERICK D. ZAYAS,<br><br>Plaintiff-Intervenor,<br><br>v.<br><br>VENTURA CORPORATION LIMITED,<br><br>Defendant. | CIV. NO. 11-1700 (PG) |

**ORDER**

    The Equal Employment Opportunity Commission ("EEOC" or "Plaintiff") filed the above-captioned claim on July 19, 2011 under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"), and Title I of the Civil Rights Act of 1991, 42 U.S.C. §1981a. According to Plaintiff, the claim was filed against Ventura Corporation Limited ("Ventura" or "Defendant") with the purpose of correcting unlawful employment practices on the basis of sex (male) and protected activity, and providing appropriate relief to Erick Zayas and a class of internal and external male applicants who were adversely affected by such practices. See Docket No. 1. Shortly after the EEOC filed the complaint, Erick Zayas ("Zayas" or "Intervenor Plaintiff") filed a motion to intervene (Docket No. 7), which the Court granted. See Docket No. 10. The Defendant duly filed its answer to the complaint and the Plaintiff moved to strike 29 of Defendant's affirmative defenses pursuant to Rule 12(f) of the Federal Rules of Civil Procedure (Docket No. 11).

    In its motion, the EEOC argues that these defenses lack any basis in law or fact, and their presence in the pleadings will result in a waste of time and expense and cause unnecessary complications and confusion to the Court. See Docket No. 11. The Defendant vehemently opposed the EEOC's request, but agreed to withdraw defenses number 44, 46, 49, 66, 98 and 101 from the record in light of their redundancy. See Docket No. 16.

    Rule 12(f) of the Federal Rules of Civil Procedure states that "[t]he court may strike from a pleading an insufficient defense or any redundant,

CIV. NO. 11-1700(PG)                                                    Page 2

immaterial, impertinent, or scandalous matter." FED.R.CIV.P. 12(f). However, "as evaluating the merits of a defense prior to the development of the facts in the case is disfavored, such motions are rarely granted." Turner v. Wall, No. 06-505 S, 2009 WL 3401184, at *1 (D.R.I. October 20, 2009) (citing Cipollone v. Liggett Group, Inc., 789 F.2d 181, 188 (3d Cir.1986); S.E.C. v. Nothern, 400 F.Supp.2d 362, 364 (D.Mass.2005). See also InvestmentSignals, LLC v. Irrisoft, Inc., No. 10-cv-600-SM, 2011 WL 3320525, at *1 n. 1. "Moreover, under Fed.R.Civ.P. 12(f) motions to strike an insufficient defense are not favored by the courts given their dilatory nature … ." In re MacGregor Elec., S.E., Bankruptcy No. 05-11884, 2009 WL 2877293, at *4 (Bkrtcy.D.Puerto Rico August 14, 2009) (internal citation omitted). As a result, "[a] motion to strike a defense pursuant to Fed.R.Civ.P. 12(f) will be granted only if: (i) there are no questions of fact; (ii) that there are no disputed questions of law; and (ii) that under no set of circumstances the defenses could succeed." Id. at *5 (citing Johnson v. Chrysler Corp., 187 F.R.D. 440, 441 (D.Me.1999); Gilbert v. Eli Lilly Co., Inc., 56 F.R.D. 116, 121 (D.P.R.1972)). In addition, "the Court possesses considerable discretion in resolving such a motion." Zurich American Ins. Co. v. Watts Regulator Co., No. 10-11190, 2011 WL 2417118, at *4 (D.Mass. June 10, 2011) (citing Soni v. Boston Med. Ctr. Corp., 683 F.Supp.2d 74, 92 (D.Mass.2009)).

In the case at hand, it stems from the motions filed and the discussions the Court held with the parties during the Initial Scheduling Conference that many questions of fact and law still linger. To the extent discovery is merely in its early stages, the Court finds that the Defendant should be afforded the opportunity to explore its defenses through discovery before they are deemed inadequate as a matter of law. Therefore, in light of the applicable standard of review, it would be inappropriate for this Court to consider the EEOC's request at this stage of the proceedings.

As a result, the EEOC's motion to strike (Docket No. 11) with respect to Defendant's affirmative defenses number 44, 46, 49, 66, 98 and 101 is **GRANTED**, but **DENIED WITHOUT PREJUDICE** as to the rest.

CIV. NO. 11-1700(PG)                                                    Page 3

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, December 12, 2011.

                                        S/<u>JUAN M. PEREZ-GIMENEZ</u>
                                        JUAN M. PEREZ-GIMENEZ
                                        U.S. DISTRICT JUDGE