UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,**<br><br>Plaintiff,<br><br>**ERICK D. ZAYAS,**<br><br>Plaintiff-Intervenor,<br><br>v.<br><br>**VENTURA CORPORATION LIMITED,**<br><br>Defendant. | CIV. NO. 11-1700 (PG) |

**OPINION AND ORDER**

**A. BACKGROUND**

    The Equal Employment Opportunity Commission ("EEOC" or "Plaintiff") filed the above-captioned claim on July 19, 2011 under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"), and Title I of the Civil Rights Act of 1991, 42 U.S.C. §1981a. According to Plaintiff, the claim was filed against Ventura Corporation Limited ("Ventura" or "Defendant") with the purpose of correcting unlawful employment practices on the basis of sex (male) and protected activity, and providing appropriate relief to Erick Zayas and a class of internal and external male applicants who were adversely affected by such practices. See Docket No. 1. Shortly after the EEOC filed the complaint, Erick Zayas ("Zayas" or "Intervenor Plaintiff") filed a motion to intervene (Docket No. 7), which the Court granted. See Docket No. 10.

    Pending before the court is the EEOC's motion for sanctions (Docket No. 42) wherein the EEOC claims that Ventura, knowing of the potential for litigation, destroyed key, relevant evidence after having been repeatedly advised of its legal obligation to preserve evidence that was relevant to the present charges of discrimination. See Docket No. 42. According to the EEOC, Ventura destroyed employment application materials it received between 2004-2009 for Zone Manager and Support Manager positions and selectively destroyed email accounts of key managers involved in the decision to terminate Zayas' employment. The EEOC argues that these actions rendered unavailable

CIV. NO. 11-1700(PG)                                                          Page 2

material evidence directly relevant to proving Zayas' allegations and disproving Ventura's defenses. See id.

A summary of the facts of this case is as follows. On July 30, 2007, Zayas filed a charge of sex discrimination against Ventura claiming that the latter failed to hire him for a sales position because of his gender. See Docket No. 42-1. After Zayas' charge, however, Ventura placed him in a Zone Manager position in September of 2007. Notwithstanding, on July 22, 2008, Zayas filed a second charge of discrimination against the Defendant claiming that Ventura was retaliating against him for having complained of sex discrimination. See Docket No. 42-5. After each one of these charges, the EEOC sent Ventura a notice wherein the Defendant was apprised of its duties to preserve evidence pursuant to 29 C.F.R. § 1602.14. Then, on October 15, 2008, Zayas sent an email complaining of discrimination and retaliation to several managers at Ventura, namely, María Mojica ("Mojica"), Administration and Human Resources Director; Jésika Ruiz ("Ruiz"), Regional Manager; Blanca Barragan, Sales Director; and German Ramirez, General Director. See Docket No. 42-6. Zayas was terminated only five days thereafter, and he amended his EEOC charge accordingly. See Dockets No. 42-3, 42-10. As a result, the EEOC alleges it sent Ventura a third preservation notice.

In response to Zayas' complaint of retaliation and sex discrimination before the EEOC, Ventura stated that "the fact that no males have filed applications and/or may have not met the position requirements established for such a *high-level managerial position*, … , does not support any allegation of employment discrimination on the basis of sex or gender." See Docket No. 42-12 at page 2. Moreover, in its answer to the complaint, Ventura alleges that "[i]f no males were hired during any particular period of time, was because the employment candidates did not meet the job position requirements, none of which relates to the persons' gender or sex." See Docket No. 9 at ¶ 82.

However, contrary to these assertions, the EEOC found that males did in fact apply to the sales/managerial positions in question after reviewing a list of applicants Ventura produced during the limited discovery that took place in the administrative proceedings. See Docket No. 42-14. In addition, the report prepared by the EEOC's labor economist concludes that application materials that were not discarded demonstrate that qualified men did apply to the Zone Manager and Support Manager positions. See Docket No. 42 at page 7, 42-20. In fact, contrary to Ventura's defense, men accounted for 34.5 percent

CIV. NO. 11-1700(PG)                                                    Page 3

of all qualified applicants according to this report. See Docket No. 42-20 at page 5.

It also stems from the record now before the court that, when asked about the résumés Ventura received, Sandra Espada ("Espada"), Human Resources Analyst for Ventura, testified during her deposition that certain documents from the Human Resources Department were either taken to a warehouse or shredded as a result of an office restructuring in 2009. See Docket No. 42-8 at pages 32-33. Espada later submitted an unsworn statement under penalty of perjury stating that she did not find any application materials in the boxes that were sent to a warehouse. See Docket No. 42-15. Moreover, Ventura admits in its response that employment applications received via electronic mail at pr.resumegh@pr.belcorp.biz prior to 2010 were lost during a software program migration. See Docket No. 49 at page 19. The EEOC now argues that the Defendant should have kept the application materials showing the gender and qualifications of candidates who applied for the positions of Zone Manager and Support Manager because they were relevant to the EEOC's case and to the defenses Ventura has raised in the process. The EEOC posits that according to the applicable statute and regulations - of which Ventura had notice since 2007 - they should have been preserved. See Docket No. 42. In its defense, Ventura also claims that it "neither maliciously destroyed evidence nor deliberately attempted to prevent the EEOC from inspecting any document or information." Docket No. 49 at page 23.

The EEOC also complains that Ventura destroyed the e-mail accounts of employees directly involved in Zayas' case, namely, Ruiz and Mojica, while allegedly making large-scale changes to its computer systems. See Docket No. 42 at page 6. The EEOC is aware that Ruiz and Mojica discussed Zayas' termination over e-mail because Zayas himself produced an e-mail - that was not produced by Ventura - evincing these discussions. This particular e-mail dates back to March of 2008, just six (6) months after Zayas was assigned Zone Manager. See Docket No. 42-4. The EEOC thus sustains that, despite having been apprised of its legal duty to preserve evidence, the Defendant "did not take any care whatsoever to save documents or electronic information relevant to Mr. Zayas' charges of discrimination and retaliation." See Docket No. 42 at page 6.


CIV. NO. 11-1700(PG)                                                    Page 4

Ventura timely responded to the EEOC's contention that it engaged in spoilation of evidence and opposed its request for sanctions. See Docket No. 49. The arguments set forth therein shall be discussed forthwith.

**B. DISCUSSION**

"Spoliation can be defined as the failure to preserve evidence that is relevant to pending or potential litigation. Through the court's inherent power to manage its own affairs, it may sanction a party for spoliation." Jimenez-Sanchez v. Caribbean Restaurants, LLC, 483 F.Supp.2d 140, 143 (D.P.R. 2007). "Litigants have the responsibility of ensuring that relevant evidence is protected from loss or destruction. "A litigant has a duty to preserve relevant evidence."" Velez v. Marriott PR Management, Inc., 590 F.Supp.2d 235, 258 (D.P.R. 2008) (citing Perez-Velasco v. Suzuki Motor Co. Ltd., 266 F.Supp.2d 266, 268 (D.P.R.2003)).

> [T]his obligation predates the filing of the complaint and arises once litigation is reasonably anticipated. … The duty to preserve material evidence arises not only during litigation but also extends to that period before the litigation when a party reasonably should know that the evidence may be relevant to anticipated litigation … If a party cannot fulfill this duty to preserve because he does not own or control the evidence, he still has an obligation to give the opposing party notice of … the possible destruction of the evidence if the party anticipates litigation involving that evidence.

Velez, 590 F.Supp.2d at 258 (citing Perez-Velasco, 271 F.3d at 591) (internal citations and quotation marks omitted).

Throughout its response, the Defendant opposed the EEOC's request that it be charged with spoliation by arguing that the EEOC never requested that Ventura specifically preserve or produce résumés sent by unsuccessful applicants or employment candidates. See Docket No. 49. The notice the EEOC sent Ventura when Zayas filed its administrative charges of discrimination and retaliation makes reference to Section 1602.14 of title 29 of the Code of Federal Regulations, which states, in relevant part, that:

> Any personnel or employment record made or kept by an employer (including but not necessarily limited to requests for reasonable accommodation, application forms submitted by applicants and **other records having to do with hiring**, promotion, demotion, transfer, lay-off or termination, … ) shall be preserved by the employer for a period of one year from the date of the making of the record or the personnel action involved,

CIV. NO. 11-1700(PG)                                                     Page 5

> whichever occurs later. … Where a charge of discrimination has been filed, or an action brought by the Commission … , against an employer under title VII, … , the respondent employer shall preserve all personnel records relevant to the charge or action until final disposition of the charge or the action. The term "personnel records relevant to the charge," for example, would include personnel or employment records relating to the aggrieved person and to all other employees holding positions similar to that held or sought by the aggrieved person and *application forms or test papers* completed by an unsuccessful applicant and by all other candidates for the same position as that for which the aggrieved person applied and was rejected. …

29 C.F.R. § 1602.14. In light of the language of this regulation, Ventura sustains that it was not under the obligation to preserve applicants' résumés because the statute only refers to "application forms" and "test papers" and Defendant did not require job applicants to fill out or submit to either. See Docket No. 49 at page 8. However, the Court disagrees. The regulation in question also states that the records an employer must preserve include, but are not limited to, "other records having to do with hiring … ." 29 C.F.R. § 1602.14. Contrary to Ventura's position, the Court finds that this language put Ventura on notice that it should have preserved the relevant application documents it admittedly had in its possession, to wit, applicants' résumés.

In its opposition, Ventura also argued that the EEOC does not meet its threshold burden to show that there is relevant evidence that has been spoiled. See Docket No. 49 at page 17. Pursuant to the applicable caselaw, before an inference of spoliation may be drawn, "the party urging that spoliation has occurred must show that there is evidence that has been spoiled (i.e., destroyed or not preserved)." Gomez v. Stop & Shop Supermarket Co., 670 F.3d 395, 399 (1st Cir.2012) (citing Tri–County Motors, Inc. v. Am. Suzuki Motor Corp., 494 F.Supp.2d 161, 177 (E.D.N.Y.2007)). In its motion, the EEOC evinced that Ventura produced a list of applicants for limited time-periods between 2004 and 2007. See Docket No. 42-14. However, during the discovery proceedings of this case, the EEOC learned that employment application materials between 2007 and 2010 were unavailable for production. These application materials included hard copies that Ventura either shredded or warehoused, or soft copies that it lost or deleted from its electronic mail account pr.resumegh@pr.belcorp.biz during a software program migration. It is not known at what particular point in time these documents disappeared. All we have before us is the testimony of Espada from the Human Resources

CIV. NO. 11-1700(PG)                                                      Page 6

Department in charge of receiving and filing these documents, who indicated that she was unable to find them. As previously stated, Ventura should have preserved these materials since it received its notice of Zayas' charge before the EEOC in 2007. Therefore, the EEOC has successfully established that relevant evidence that was admittedly in the hands of the Defendant between 2007 and 2010 was not produced during discovery because it was either lost, deleted or destroyed. In fact, the EEOC even attached to its motion an e-mail communication between Mojica and Ruiz, which was produced by Zayas and thus survived Ventura's destruction. See Docket No. 42-4. Not only can the Court sanction Ventura for failing to produce this particular e-mail, but, as the EEOC states, it can also be inferred that other similar e-mails regarding the status of Zayas' employment were likely to have existed but were destroyed, see Docket No. 42 at page 8. The EEOC, thus, has met its obligation to prove that relevant evidence in the hands of Ventura existed and was destroyed after it was on notice that litigation might ensue.

Ventura also claims that "[t]he gender and qualifications of applicants for Zone and Support Manager positions were neither relevant nor related to any of the specific charges of discrimination filed by Zayas." Docket No. 49 at page 12. However, this contention is belied by its own response to Zayas' administrative claim and the answer to the complaint wherein Ventura makes reference to the lack of qualifications of male applicants as a defense for not having hired one for the positions in question. Moreover, "[r]elevant evidence is that which may prove or disprove a party's liability theory." Velez, 590 F.Supp.2d at 258. Because Ventura itself has stated that it did not request that job applicants fill out a specific application form or submit to testing, the only pertinent evidence in its possession that could actually prove its defense that no qualified men applied to the positions of Zone and Support Manager were in fact the applicants' résumés, particularly those of unsuccessful male applicants.

Ventura further sustains that the EEOC has not demonstrated that its ability to litigate this case has been substantially impaired by the alleged spoliation. See Docket No. 49 at page 37. However, the Court finds that the allegedly spoliated evidence was relevant to the EEOC's and Zayas' theory of the case. In his first charge before the EEOC, Zayas alleged that Ventura officials repeatedly told him that sales positions were for women. See Docket No. 42-1. Therefore, the résumés or job application materials that were destroyed were also relevant to prove that, despite the fact that qualified

CIV. NO. 11-1700(PG)                                                    Page 7

men applied to the positions in question, the Defendant has only historically hired women. Hence, the Court finds that Defendant's argument holds no water.

Now, as to the EEOC's complaint that Ventura has hindered its ability to litigate this case by destroying key e-mail accounts of decision-makers in the termination of Zayas, the Defendant's explanation is as follows:

> Ventura understands that Jésika Ruiz and María Mojica's emails were lost during a system migration, but who knows whether those employees actually erased their emails from all electronic records at the Company prior to their departure since both employees were actually terminated by Ventura. Those two employees were terminated involuntarily from their employment positions at Ventura and since they did not leave the Company in good terms, it is uncertain whether any emails really existed for them in Ventura's databases at the time of such migration or whether such employees had cleaned their email accounts before leaving the Company . At the time that the instant Complaint was filed neither Jésika Ruiz nor María Mojica were employed by Ventura.

See Docket No. 49 at page 21. The Defendant's vague explanation is simply insufficient. First of all, Ventura is under an obligation to make certain that disgruntled or dismissed employees do not destroy company records. Secondly, the changes to Ventura's computer systems admittedly took place in 2010 and Ventura was under notice to preserve relevant evidence for this case since 2007. Pursuant to the applicable caselaw, the obligation to preserve relevant evidence "arises once litigation is reasonably anticipated." Perez v. Hyundai Motor Co., 440 F.Supp.2d 57, 60 (D.P.R. 2006). In fact, in its response, the Defendant stays short of admitting, but certainly implies, that it was reasonably foreseeable that Zayas would file suit in court after he received a right-to-sue letter from the EEOC. See Docket No. 49 at page 30. The e-mails of key decision-makers regarding Zayas' employment was certainly relevant as it is, under the applicable regulation, a type of "other records having to do with … termination," 29 C.F.R. § 1602.14. According to Ventura, "Jésika Ruiz worked at Ventura until November 17, 2008 and María Mojica worked at Ventura until 2010." See Docket No. 21 at page 40. Therefore, Ventura had over a year between the date in which Zayas filed his first administrative claim before the EEOC and Ruiz's termination to preserve these e-mail accounts and any relevant content therein.

Finally, in its opposition to the EEOC's motion requesting sanctions, the Defendant states that the only claim it had before the EEOC was Zayas' charge of discrimination, and it was not until the EEOC filed the complaint in this

CIV. NO. 11-1700(PG)                                                    Page 8

case that it learned that the EEOC was suing on behalf of a class of male applicants who were adversely affected by Ventura's alleged discriminatory practices. See Docket No. 49 at page 3. This, Ventura now claims, it could not have reasonably anticipated. Id. at 4. With this the Court agrees. As set forth by the Defendant, the discrimination charges before the EEOC were filed exclusively by Zayas and Ventura could not have reasonably foreseen that the EEOC would file suit on behalf of a "hypothetical class of persons and unidentified male job applicants who were not part of the discrimination charge filed by Zayas … ." Docket No. 49 at page 11. Therefore, the EEOC's request for sanctions for the spoliation of evidence will only be considered as to Zayas' case.

Having established that the résumés of job applicants and e-mail accounts of decision-makers are relevant evidence to this case and should have been preserved since the date of Zayas' charge before the EEOC in 2007, the Court thus moves on to determine what is the appropriate sanction to impose in light of Ventura's failure to preserve said evidence.

"If the court finds that a party is accountable for the spoliation it may impose sanctions to avoid unfair prejudice to the opposing party." Velez, 590 F.Supp.2d at 258. "Sanctions for spoliation range from dismissal of the action, exclusion of evidence or testimony or instructing the jury on a negative inference to spoliation whereby jury may infer that party that destroyed evidence did so out of realization that it was unfavorable." Hyundai Motor, 440 F.Supp.2d at 62. "The measure of the appropriate sanctions will depend on the severity of the prejudice suffered." Id. at 61. "Prejudice will be measured by the degree in which [a party's] "ability to mount an adequate defense" has been hampered." Id. (citing Perez-Velasco, 266 F.Supp.2d at 269).

"Under settled authority, the district court has inherent power to exclude evidence that has been improperly altered or damaged by a party … ." Collazo-Santiago v. Toyota Motor Corp., 149 F.3d 23, 28 (1st Cir.1998) (internal citation omitted).

> The intended goals behind excluding evidence, or at the extreme, dismissing a complaint, are to rectify any prejudice the non-offending party may have suffered as a result of the loss of the evidence and to deter any future conduct, particularly deliberate conduct, leading to such loss of evidence … Therefore, of particular importance when considering the appropriateness of sanctions is the prejudice to the non-offending party and the degree of fault of the offending party.

CIV. NO. 11-1700(PG)                                                    Page 9

<u>Velez</u>, 590 F.Supp.2d at 258 (internal citation omitted). First Circuit caselaw does not require bad faith or comparable bad motive to support a district court's decision to exclude evidence as a sanction for spoliation. <u>See</u> <u>Trull v. Volkswagen of America, Inc.</u>, 187 F.3d 88, 95 (1st Cir.1999).

As a result of the Defendant's failure to preserve all of the relevant job application materials, the EEOC and Zayas are unfairly disadvantaged. The EEOC and Zayas are now hindered in their ability to establish that the testimony of Ventura's officials who state that male applicants for the Zone and Support Manager positions were either unqualified or less qualified than women has no basis. In addition, as a result of the destruction of the e-mail accounts in question, the EEOC and Zayas may not be able to adequately challenge the testimony of Ventura officials who will testify that Zayas was discharged because of his poor performance. They are also at a disadvantage in their ability to establish that Ventura's proffered reason for Zayas' termination is a pretext for discrimination and retaliation. As a result of the foregoing, the Court must sanction Ventura for the prejudice it caused the EEOC and Zayas.

In its motion for sanctions, the EEOC thus requests that this court exclude all testimonial evidence offered by Ventura regarding the number of men that applied to the positions of Zone Manager or Support Manager between 2004 and 2009 and regarding the qualifications of applicants during that period of time. It also requests that this Court allow the trier of fact to infer that all applications for Zone Manager and Support Manager positions between 2004-2009, which were destroyed by Ventura in 2009, would have shown comparable information regarding the percentage of qualified male applicants as those applications that were not destroyed. <u>See</u> Docket No. 42. In its response, the Defendant claims that the remedy the EEOC requests is too harsh a punishment to overcome and that no evidence exists that Ventura intentionally disposed of documentation in order to gain an advantage in the current litigation. <u>See</u> Docket No. 49 at pages 23, 37-39. The Court disagrees with Ventura. A court may impose sanctions, including exclusion of evidence, even "[i]f such evidence is mishandled through carelessness … ." <u>Trull</u>, 187 F.3d at 95 (<u>citing</u> <u>Sacramona v. Bridgestone/Firestone, Inc.</u>, 106 F.3d 444, 447, 446 (lst Cir.1997)). Therefore, as a result of Ventura's spoliation of relevant job application materials, Ventura will be precluded from offering **any** evidence regarding the number of men that applied to the positions of Zone Manager or Support Manager between <u>2007 and 2009</u> and regarding the

CIV. NO. 11-1700(PG)                                                    Page 10

qualifications of applicants during that period of time. See Colon v. Blades, 268 F.R.D. 129 (D.P.R. 2010) (finding appropriate spoliation sanction against party for inability to produce documents was to preclude it from offering the documents as evidence or any testimony related thereto).

The EEOC also requests that this Court allow the trier of fact to infer that the content of emails contained in Mojica and Ruiz's e-mail accounts would have been unfavorable to Ventura. See Docket No. 42. "A 'spoliation' instruction, allowing an adverse inference, is commonly appropriate … where there is evidence from which a reasonable jury might conclude *that evidence favorable to one side* was destroyed by the other. … The burden is upon the party seeking the instruction to establish such evidence." U.S. v. Laurent, 607 F.3d 895, 902 (1st Cir.2010). The EEOC has established that an e-mail from decision-makers discussing the termination of Zayas' employment just six months after his appointment in fact existed and were destroyed. The e-mail that Zayas produced aids to prove his allegation that "[a]fter his placement to the position of Zone Manager, Ventura immediately targeted [him] for termination." *Plaintiff Intervenor Complaint*, Docket No. 14 at ¶ 19. Therefore, it can be inferred that the content of other similar e-mail communications that are now unavailable would have further supported the EEOC's and Zayas' version of events. Thus, in the context of the evidence before the Court now, we find that an adverse-inference instruction makes sense here. As a result, a jury in this case will be instructed to infer that the content of emails contained in Mojica and Ruiz's e-mail accounts would have been unfavorable to Ventura.

**C. CONCLUSION**

Pursuant to the foregoing, the EEOC's motion for sanctions (Docket No. 42) is hereby **GRANTED IN PART AND DENIED IN PART.**

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, February 12, 2013.

                                        S/JUAN M. PEREZ-GIMENEZ
                                        JUAN M. PEREZ-GIMENEZ
                                        U.S. DISTRICT JUDGE